International Tape v. Technicote          CV-97-084-M     05/17/00
                     UNITED STATES DISTRICT COURT

                        DISTRICT OF NEW HAMPSHIRE


International Tape Company, Inc.,
     Plaintiff


     v.


Technicote, Inc.,
     Defendant


     AND                                    Civil No. 97-084-M
                                            (Consolidated Cases)
                                            Opinion No. 2000 DNH 119

Universal Tape Company, Inc.,
     Plaintiff


     v.


Technicote, Inc. and
International Tape Company, Inc.,
     Defendants


                              O R D E R


     These consolidated cases arise out of the manufacture and

distribution by Technicote, Inc. ("Technicote") of an allegedly

defective product.  International Tape, Inc. says that it

contracted to purchase from Technicote a "release liner," which

it then incorporated into a security tape product that it sold to

Universal Tape Company ("UTP").  It appears that UTP is related to, or affiliated with, International, and operates as the entity through which International distributes its products.

After what it claims were unsuccessful efforts to have Technicote repair or replace the defective product, International sued Technicote for breach of contract (count 1) and intentional interference with advantageous economic relations (count 2). UTP, in turn, sued both Technicote and International, seeking compensation for losses it claims to have sustained when it re-sold the product manufactured by International that incorporated the allegedly defective release liner supplied by Technicote.

Technicote moves to dismiss UTP's complaint, saying that it fails to allege a viable cause of action.  <u>See</u> Fed. R. Civ. P. 12(b)(6).  UTP objects, saying that Technicote breached the implied warranty of merchantability and, as a consequence, caused it to suffer compensable damages.

2

With regard to International's claims, Technicote moves for partial summary judgment, saying that any damages awarded to International must, as a matter of law, be limited to the amount that International paid for the allegedly defective release liner.  In support of that position, Technicote points to a limitation of damages provision set forth on the invoices it provided to International with each shipment of goods. International objects, asserting that the limitation of damages provision on which Technicote relies: (1) was not a part of the parties' contract; and (2) even if it were a part of the contract, it is not enforceable.

The existence of genuine issues of material fact (e.g., whether Technicote was notified of, and honored, its obligation to repair or replace the allegedly defective product) preclude the court from ruling, as a matter of law, that Technicote is entitled to enforce the damages limitation provision (including the disclaimer of liability for consequential damages) against Universal.  Even if the court were able to determine on this

3

record whether the limitation of damages provision set forth on Technicote's invoices actually became a part of the parties' contract, see RSA 382-A:2-207, genuine issues of material fact prevent the court from determining whether that provision failed its essential purpose and is, therefore, unenforceable. See generally Hydraform Products Corp. v. American Steel & Alum. Corp., 127 N.H. 187 (1985). See also RSA 382-A:2-719(2).

Similarly, because the remedies available to, and limitations imposed upon, UTP would appear to be derivative of the rights of International, the court cannot rule that, as a matter of law, UTP has no viable cause of action against Technicote. See RSA 382-A:2-318.

Technicote's motion for partial summary judgment (document no. 33), and its motions to dismiss (documents no. 29 and 30) are denied.

**SO ORDERED.**

_____

                              Steven J. McAuliffe
                              United States District Judge

May 17, 2000

cc:  Armand M. Hyatt, Esq.
     Douglas L. Ingersoll, Esq.
     Mark F. Sullivan, Esq.